UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN WALEGA, | : | 3:21-CV-02006 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| JUSTIN MACGREGOR, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**
December 16, 2021

Plaintiff Dawn Walega began this action by filing a complaint on November 29, 2021. The complaint concerns employment discrimination and names two defendants: Justin MacGregor and William Browning. By a separate order, we granted Walega's application for leave to proceed *in forma pauperis*, and we ordered the Clerk of Court to serve the complaint on the two named defendants.

On December 14, 2021, Walega filed a document titled "Case Brief." *See* doc. 5. Such a document is not a proper pleading. *See* Fed. R. Civ. P. 7(a) (listing the pleadings allowed in a case). And while a brief is allowed, and in most cases required, in support of a motion, here there is no pending motion to which Walega's Case Brief pertains. Further, Walega improperly asserts factual allegations supporting her claims in this Case Brief. But the proper place for such allegations is in a complaint. We note for Walega's benefit, that at this time, she

may file an amended complaint without first seeking leave of court. *See* Fed. R. Civ. P. 15(a) (providing that "[a] party may amend its pleading once as a matter of course within: **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required [here, Walega's complaint is one to which a responsive pleading is required], 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier").

In her Case Brief, Walega also requests the appointment of counsel. For the following reasons, we will deny that request.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002). Yet 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case, *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989).

"Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of <u>special circumstances</u> indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such

assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (emphasis in original) (quoting *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). But "counsel should be appointed where an indigent plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case." *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019).

The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that the court should follow when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). First, as a threshold inquiry, the court must consider whether the plaintiff's case has some arguable merit in fact and law. *Montgomery,* 294 F.3d at 498–99. Second, if the plaintiff overcomes this threshold hurdle, the court should consider other factors including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the degree to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir.

1997). This list "is not meant to be exhaustive." *Tabron,* 6 F.3d at 157; *see also Houser*, 927 F.3d at 700 ("We have always emphasized that the Tabron factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress. They are not exhaustive, nor are they each always essential."). Rather, the court must determine on a case-by-case basis whether the appointment of counsel is warranted. *Tabron,* 6 F.3d at 158.

When considering motions for appointment of counsel, there are also practical considerations that a court must consider, such as the large number of prisoner civil rights cases; "the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron,* 6 F.3d at 157. Because volunteer lawyer time is limited and extremely valuable, the court should not request counsel to accept an appointment indiscriminately. *Id.* Thus, "[t]he scarcity of *pro bono* counsel is important, even if it is not among the delineated Tabron factors." *Houser*, 927 F.3d at 700.

Here, the claims in this case concern employment discrimination, but from the complaint, the exact nature of those claims is not clear. Nevertheless, we assume for the sake of the current request for the appointment of counsel that the claims have arguable merit. We note, however, that this case is in the early stages,

and we make no determination as to the merits.  Our analysis of the other relevant factors, however, leads us to conclude that counsel should not be appointed.

Walega states that she does not have a legal background.  While we understand that Walega as a *pro se* litigant with no legal background doubtless faces some obstacles in this action, her filings thus far show that she understands English, is literate, and can communicate effectively.  At this point, we have no reason to believe that she cannot present her own case, and she states that she is prepared to proceed.

Further, given the unclear nature of the legal issues in this case, we cannot say that they are overly difficult or complex.  And if the case proceeds past the motion-to-dismiss stage, Walega will have the opportunity to conduct discovery.  Further, it is too early to determine the role that credibility may play in this case, but credibility generally is not an issue during the pretrial phases of a case.  It is also unlikely that expert testimony would be required in this case, at least as to liability.  Finally, given that Walega is proceeding *in forma pauperis,* we assume that she cannot obtain counsel on her own.

Taking all the factors into consideration and given that this case is in a very early stage, we will deny Walega's request to appoint counsel at this time without prejudice to re-examining this issue as this litigation progresses.

**IT IS ORDERED** that Walega's request (*doc. 5*) for the appointment of counsel is **DENIED**.[1]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[1] Walega asks for assistance in registering for PACER. Directions for doing so are available on PACER's website: https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.