UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN WALEGA, | : | **3:21-CV-02006** |
| | : | |
| Plaintiff, | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| LACKAWANNA COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER
May 4, 2022

After a case management conference and in accordance with the discussion at that conference, by an Order dated March 22, 2022, we granted Walega leave to file a second amended complaint. For Walega's benefit, we briefly noted some pleading standards that she must comply with in filing a second amended complaint.

A few days later, Walega filed a document titled "Plaintiff's Motion to Provide Amended Complaint." *See doc. 20*. The Clerk of Court docketed this document as an amended complaint. But this document is titled as a motion, not an amended complaint. Further, it appears that Walega drafted this document before she received the Order of March 22, 2022, explaining the pleading standards that she must comply with in filing a second amended complaint. And the document does not comply with the pleading standards. Thus, we will direct

the Clerk of Court to correct the docket to reflect that the document is a motion, not an amended complaint. And we will grant the motion to the extent that we will give Walega another opportunity to file a second amended complaint that complies with the pleading standards.

Again, for Walega's benefit, we will outline the pleading standards. Walega's second amended complaint must comply with the pleading requirements of Fed. R. Civ. P. 8. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Nevertheless, a pro se complaint still must comply with the basic pleading requirements of Rule 8. Federal Rule of Civil Procedure 8 requires, among other things, that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1),

8(a)(2), 8(a)(3). Rule 8 also requires that each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Walega should not assume that the court and the defendants are aware of the events at issue; rather, she should draft her second amended complaint "as if [she] were telling a story to people who knew nothing about [her] situation." *Wrhel v. United States*, No. 16-CV-758-JDP, 2017 WL 4352088, at *2 (W.D. Wis. Sept. 29, 2017).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Under Rule 8, detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

A well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

4

w

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

Any second amended complaint must be titled as a second amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if a second amended complaint is filed, the amended complaint will have no role in the future litigation of this case.

As set forth above, any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as

5

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

Any second amended complaint must be titled as a second amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if a second amended complaint is filed, the amended complaint will have no role in the future litigation of this case.

As set forth above, any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as

practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

We emphasize that Walega must provide fair notice of her claims.  Thus, she must allege in her second amended complaint what each defendant did, and she must set forth against which defendant or defendants she is bringing which claims.

Based on the foregoing, **IT IS ORDERED** that the Clerk of Court is directed to correct the docket to reflect that Document 20 is a motion to amend, not an amended complaint.  **IT IS FURTHER ORDERED** that Walega's motion (*doc. 20*) to amend is **GRANTED** to the extent that Walega is granted leave to file a second amended complaint on or before **June 3, 2022**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge