UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN WALEGA, | : |
| Plaintiff, | : CIVIL ACTION NO. 3:21-2006 |
| v. | : (JUDGE MANNION) |
| LACKAWANNA COUNTY GOVERNMENT OFFICE, et al., | : |
| Defendants. | : |

ORDER

Presently before the court is defendants' motion to dismiss, (Doc. 26). Magistrate Judge Schwab filed a report and recommendation, (Doc. 34), on defendants' motion to dismiss. There were no objections filed to Judge Schwab's report and recommendation.

I. Standard[1]

When no objections are filed to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply

---

[1] The court will not repeat the factual and procedural history as Judge Schwab's report and recommendation explains the relevant background.

Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. Discussion

Defendant moved to dismiss under Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction, 12(b)(2) (lack of personal jurisdiction), and 12(b)(6) (failure to state a claim upon which relief can be granted). Defendants failed to brief their lack of personal jurisdiction claim, and as such, Judge Schwab declined to address the claim at this point. (Doc. 34, p12). This court has subject-matter jurisdiction as plaintiff asserts a federal claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621. Plaintiff also asserts a First Amendment retaliation claim. Therefore, defendants' motion to dismiss for failure to state a claim upon which relief can be granted is the only possible avenue to evaluate the current motion.

The court will not repeat Judge Schwab's explanation of pleading requirements. Plaintiff's second amended complaint fails to state a claim

under the ADEA or First Amendment. The ADEA requires a *prima facie* case to show: "(1) [s]he was at least forty, (2) [s]he is qualified for the job, (3) [s]he suffered an adverse employment action, and (4) [s]he was replaced by (or passed over in favor of) someone else 'who was sufficiently younger so as to support an inference of a discriminatory motive.'" Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021) (quoting Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015)). Judge Schwab explained that the plaintiff did not plead her age or that the younger worker plaintiff compares herself to was disciplined for the same or substantially similar failures. Furthermore, plaintiff does not plead facts from which it can reasonably be inferred that her discipline or termination were casually related to her age.

Plaintiff also attempts to allege an ADEA retaliation claim. Such a claim requires a *prima facie* "showing '(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) causal connection between the employee's protected activity and the employer's adverse action." Daniels v. Sch. Dist. Of Philadelphia, 776 F.3d 181, 193 (3d Cir. 2015) (quoting Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007). Judge Schwab explained that although plaintiff alleges she

- 3 -

complained about the flex time abuse and Malone not being disciplined for her improper workplace conduct, plaintiff never complained about being discriminated against based on her age as required by the ADEA. See 29 U.S.C. 623(d) (requiring that the employee oppose "any practice made unlawful by this section" or making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or litigation under this chapter").

Additionally, plaintiff did not allege that she exhausted her administrative remedies as mandated by 29 U.S.C. §626(d) (requiring an individual to file their claim of employment discrimination within 300 days of the last date of alleged discrimination). There is no evidence in the Second Amended Complaint that Walega ever filed a complaint with the Pennsylvania Human Rights Commission or the EEOC.

Plaintiff's remaining federal claim is a First Amendment retaliation claim. "[A] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Walega's First Amendment claim is brought pursuant to 42 U.S.C. §1983. A §1983 claim is categorized as a personal-injury claim and therefore is governed by the applicable state's statute of limitations.

Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). The applicable statute of limitations in Pennsylvania is two years. Wisniewski, 857 F.3d at 157. Judge Schwab explained that the cause of action accrues when the plaintiff knew or should have known of the injury that is the reason for the present action. (Doc. 34, p.28). Here, plaintiff filed this case on November 29, 2021. The events plaintiff alleges took place in 2017 and early 2018. It is clear that Walega knew or at least should have known that her discipline or termination could constitute the necessary injury. As such, plaintiff's First Amendment claim is barred by the statute of limitations.

Lastly, Judge Schwab recommends declining to exercise supplemental jurisdiction over the remaining state-law claims. There is nothing unique about the case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction over Walega's state-law claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

Upon review, the court agrees with the sound reasoning which led Judge Schwab to her conclusions. As such, the court will adopt the report and recommendation as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Judge Schwab, **(Doc. 34)**, is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT.**

(2) The defendants' Motion to Dismiss, **(Doc. 26)**, is **GRANTED**.

(3) Plaintiff is given one final opportunity to amend her complaint.

(4) The matter is **REMANDED** to Judge Schwab for further consideration of the Third Amended Complaint, **(Doc. 37)**.

**MALACHY E. MANNION**
United States District Judge

**DATE: February 7, 2023**
21-2006-02