IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN WALEGA, | : Civil No. 3:21-CV-02006 |
| | : |
| Plaintiff, | : |
| | : (Judge Mannion) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| JUSTIN MACGREGOR, et al., | : |
| | : |
| Defendants. | : |

MEMORANDUM ORDER

The background of this order is as follows:

The *pro se* plaintiff, Dawn Walega, filed this employment discrimination action on November 29, 2021. (Doc. 1). Since the filing of this action, Walega has filed several amended complaints, the third amended complaint being the operative pleading. (Doc. 37). The defendants filed a motion to dismiss the third amended complaint, which was granted in part and denied in part. (Docs. 52, 53). The remaining claims against the remaining defendant, Lackawanna County, consist of age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), as well as various state law claims. (*See id.*).

A Case Management Order in this matter was issued on December 28, 2023. (Doc. 58). This Order set a dispositive motions deadline of January 2, 2025. (*Id.*). The defendant filed a motion for summary judgment. (Doc. 74). Walega filed a motion to strike the defendant's motion, arguing that the motion was untimely filed. (Doc. 75). She also filed several other miscellaneous motions, including a motion to seal the case (Doc. 72), and a "motion for potentially dispositive adjustment" (Doc. 78).

Walega's motion to strike the defendant's summary judgment motion will be denied. The motion for summary judgment was timely filed. As we have explained, the Case Management Order set the deadline for dispositive motions as January 2, 2025. The defendant filed its motion the same day. Accordingly, the motion is not untimely, and we will deny the motion to strike. (Doc. 75).

We will further deny Walega's motion to seal. In her motion, Walega vaguely asserts that this matter should be sealed "due to privacy concerns regarding family members." (Doc. 72 at 1-2). However, the remainder of this filing appears to be a copy of a brief in opposition to the defendant's motion to dismiss the third amended complaint, which has

already been decided by this court. (*See* Doc. 72 at 3-19). The documents submitted with this motion to seal appear to be a request to file a dispositive motion, as well as the same brief in opposition to the defendant's earlier motion to dismiss. (*See* Docs. 73, 73-1).

Walega's filings fall woefully short of establishing the kind of "good cause" required for sealing documents in this case. The Third Circuit has held that a party seeking to seal documents must establish that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)) (internal quotation marks omitted). Such an injury "must be shown with specificity[,]" *id.*, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," will not meet the requisite showing for good cause. *Id.* (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Here, Walega has not established good cause to seal this case, and her motion to seal will therefore be denied.

Finally, Walega has filed a "motion for dispositive adjustment," (Doc. 78), in which she appears to again attach the same brief in

opposition to the defendant's earlier motion to dismiss. Walega also filed a brief in opposition to the defendant's motion for summary judgment and attaches the same brief. (Doc. 77). After consideration, we will construe Walega's motion as a motion for an extension of time in which to file an opposition to the defendant's summary judgment motion, and we will grant her such an extension of time.

We note for the plaintiff that, while she is proceeding *pro se*, "pro se litigants are not excused from compliance with procedural rules[.]" *Parikh v. United Parcel Service, Inc.*, 2012 WL 1134912, at *2 (D.N.J. April 3, 2012) (quoting *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)). Local Rule 7.6 provides that "[a] brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief." Local Rule 7.6. Additionally, Local Rule 56.1 requires that:

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

4

> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Local Rule 56.1.

We will grant the plaintiff an extension of time in which to file a brief in opposition to the defendant's motion for summary judgment, and this brief in opposition must be filed **on or before Wednesday, February 12, 2025.** The brief in opposition shall address the defendant's motion for summary judgment, rather than the defendant's earlier motion to dismiss, and shall comply with the Local Rules as set forth above. The plaintiff is further placed on notice that her failure to file a brief by this deadline will result in the defendant's motion being deemed unopposed. *See* Local Rule 7.6 ("Any party who fails to comply with this rule shall be deemed not to oppose such motion.").

As such, in accordance with the foregoing, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion to seal (Doc. 72) is DENIED;

2. The plaintiff's motion to strike the defendant's motion for summary judgment (Doc. 75) is DENIED; and

3. The plaintiff's "motion for potentially dispositive adjustment," which we construe as a motion for an extension of time (Doc. 78), is GRANTED. The plaintiff shall file a brief in opposition to the motion for summary judgment **on or before Wednesday, February 12, 2025.**

So ordered this 29th day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
