UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAWN WALEGA,                          :

      Plaintiff                 :   CIVIL ACTION NO. 3:21-2006

v.                                    :   (JUDGE MANNION)

LACKAWANNA COUNTY                     :
GOVERNMENT OFFICE, *et al.*,
                                              :
      Defendants

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom, which recommends that the defendants' motion for summary judgment be granted. (Doc. 85). The plaintiff has filed objections to Judge Bloom's report. (Docs. 89, 90). Upon review of the record in this action, the court will **OVERRULE** the plaintiff's objections to Judge Bloom's report and recommendation and the **ADOPT** the report and recommendation in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The procedural and factual history of this matter have been detailed by Judge Bloom in his report. Upon review, Judge Bloom's history is supported by the record. As such, the court adopts it as if fully set forth herein. For purposes of this memorandum, suffice it to say that the plaintiff, now on her third amended complaint, sets forth claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, for age discrimination

and retaliation, as well as various state law claims, all of which arise from the termination of her employment with the County of Lackawanna.

With respect to the plaintiff's age discrimination claim, Judge Bloom set forth the applicable standard in his report:

> The ADEA prohibits employers from discriminating against employees based on age. Title 29, U.S.C. §623(a)(1). A plaintiff must demonstrate that she is at least 40 years old, suffered an adverse employment decision, is qualified for the position, and the employer hired an employee who is sufficiently younger to show an inference of age discrimination. *Novak v. Posten Taxi Inc.*, 386 F. App'x 276, 278 (3d Cir. 2010). An adverse employment action must be a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Further, age must be the "but for" cause of the adverse employment action. *Hazen Paper Co. v. Biggens*, 507 U.S. 604, 610 (1993).

(Doc. 85, pp. 10-11).

As discussed by Judge Bloom, there is no dispute that the plaintiff was at least 40 years old and that she suffered an adverse employment action when she was terminated from her position in 2018. Moreover, even assuming that the plaintiff was qualified for her position[1], Judge Bloom found that she had failed to set forth any evidence that her age was the "but for"

---

[1] The defendants argued that the plaintiff was not qualified for her position.

cause for her termination. As such, Judge Bloom concluded that the plaintiff's age discrimination claim failed.

As to the plaintiff's ADEA retaliation claim, as Judge Bloom provided, "[t]he ADEA prohibits retaliation against an employee who makes a complaint based on 'a good faith, reasonable belief that an ADEA-violation occurred.'" (Doc. 85, p. 14) (citations omitted). Here, Judge Bloom determined that there was no evidence from which a jury could conclude that the plaintiff ever made a complaint of age discrimination or that any such claim was the reason for her termination. While the plaintiff claimed to have made complaints with regard to perceived fraud and abuse within the County, Judge Bloom found that the plaintiff's third amended complaint is devoid of any allegations that she made any complaints that she was treated differently because of her age. As such, Judge Bloom concluded that the plaintiff's ADEA retaliation claim failed as well.

While the plaintiff had termed her retaliation claim as one under the ADEA, even considering it as a First Amendment retaliation claim out of an abundance of caution, Judge Bloom provided that "a public employee must show that h[er] speech is protected by the First Amendment and that the speech was a substantial or motivating factor in what is alleged to be the employer's retaliatory action." (Doc. 85, p. 16) (citations omitted). Even

- 4 -

assuming the plaintiff's speech was protected, Judge Bloom found that, since the defendants had provided evidence that the plaintiff was counseled about her tardiness, excessive breaks, and performance issues as early as a year before she made any reports to her supervisors regarding employees' misuse of leave, there was ample evidence from which a factfinder could conclude that the County would have taken the same action even if the speech had not occurred. Given this, Judge Bloom concluded that any First Amendment retaliation claim based on the plaintiff's reports of fraud and abuse would necessarily fail.

Given Judge Bloom's findings on the plaintiff's federal claims, he concluded that the court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims. Judge Bloom recommends that these state law claims be dismissed without prejudice to the plaintiff asserting the claims in the appropriate state court.

The plaintiff has filed objections to Judge Bloom's report and recommendation, which consist of two documents. The first document is the plaintiff's "objections." (Doc. 89). In this document, the plaintiff takes issue with various factual statements made by Judge Bloom in his report and she provides "rebuttals" to argue that the defendants are not entitled to summary judgment. In doing so, however, the plaintiff simply disagrees with the

various statements without pointing to any evidence or record support. This she may not do. The plaintiff may defeat summary judgment by pointing to evidence in the record which creates a genuine dispute of material fact and from which a jury could find in her favor. *See El v. Southeastern Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007). She may not defeat summary judgment simply by relying on her own unsupported allegations, but must produce evidence to support her claims. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). Because Judge Bloom has pointed to specific evidence in the record which supports the findings in his report that the defendants are entitled to summary judgment, and the plaintiff has failed to provide any record citations or point to any evidence in the record to support her claims, her objections will be overruled in this regard.

As for the plaintiff's second document (Doc. 90), which she labels as a "brief," this is nothing more than a procedural history of her case and does absolutely nothing to properly object to Judge Bloom's report. To the extent this document could in any way be deemed objections, they are overruled.

- 7 -

An appropriate order shall issue.

_____
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 18, 2025**
21-2006-01